UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM D. NICHIPORUK,

                      Plaintiff,

                                                DECISION AND ORDER

                                                05-CV-6315L

                 v.

THE BOARD OF EDUCATION of the PALMYRA-
MACEDON CENTRAL SCHOOL DISTRICT,

                      Defendant.
_____

      Plaintiff, William D. Nichiporuk, commenced this action under 42 U.S.C. § 1983, alleging that his due process rights were violated in connection with the termination of his employment with the Palmyra-Macedon Central School District ("the District"). On the same day that he filed the complaint, plaintiff also filed a motion for a preliminary injunction. Plaintiff contends that because of his loss of employment, he has insufficient funds to provide for himself or his family. In particular, plaintiff alleges that he is unable to pay his legal fees in connection with an ongoing criminal prosecution against him.[1] He asks the Court to order the defendant Board of Education of the District to reinstate him immediately with full pay, back pay and benefits.

---

[1] The charges appear to relate to the District's allegations that plaintiff has made certain fraudulent representations concerning his educational background.

I find that plaintiff has not made a sufficient showing to warrant the issuance of a preliminary injunction. "To obtain a preliminary injunction the moving party must show, first, irreparable injury, and, second, either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships decidedly tipped in the movant's favor." *Green Party of New York State v. New York State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir. 2004). "The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (citations and quotes omitted). "To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. And, irreparable harm must be shown to be actual and imminent, not remote or speculative." *Id.*

The injuries that plaintiff alleges do not constitute "irreparable harm" under these standards. The real injury here is simply plaintiff's loss of wages, which would be compensable by damages should plaintiff prevail in this action. That various difficulties–such as an inability to pay one's attorney–might crop up when a person loses his job does not make the loss of income from that job "irreparable." If it were otherwise, virtually every plaintiff who claims to have been wrongfully discharged could seek injunctive relief. *See Guitard v. United States Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) (stating that "the injuries that generally attend a discharge from employment–loss of reputation, loss of income and difficulty in finding other employment–do not constitute the irreparable harm necessary to obtain a preliminary injunction") (citing *Sampson v. Murray*, 415 U.S.

61, 89-92 (1974)); *see also Bedrossian v. Northwestern Memorial Hosp.*, ___ F.3d ___, 2005 WL 1274287, at *5 (7th Cir. 2005) (physician who alleged that defendant hospital terminated his employment in violation of certain federal statutes was not entitled to preliminary injunction barring hospital from firing him; lost income, damaged reputation, and inability to find another job were not irreparable harm).

## CONCLUSION

Plaintiff's motion for a preliminary injunction (Dkt. #2) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 20, 2005.