UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM D. NICHIPORUK,


                              Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CV-6315L

        v.

THE BOARD OF EDUCATION OF THE
PALMYRA-MACEDON CENTRAL SCHOOL
DISTRICT,


                              Defendant.
_____


        On June 15, 2005, plaintiff, William D. Nichiporuk ("Nichiporuk"), commenced this action

against the Board of Education of the Palmyra-Macedon Central School District ("District").[1]

Nichiporuk alleges due process violations in connection with his termination as the District's

Assistant Superintendent of Business and defendant's rescission of an executory contract with

Nichiporuk to become Superintendent of Schools.  Federal jurisdiction is based on the Civil Rights

Act, 42 U.S.C. § 1983.  Nichiporuk has also pleaded related state law claims.

_____

        [1]To the extent Nichiporuk seeks damages the proper defendant is the Palmyra-Macdeon Central School
District, not the Board of Education ("Board").  *See Gentile v. Wallen*, 562 F.2d 193, 195 (2d Cir. 1977); *D.F. ex
rel. Finkle v. Board of Educ. of Syosset Cent. Sch. Dist.*, 386 F.Supp.2d 119, 130 (E.D.N.Y. 2005); *Jamieson v.
Poughkeepsie City School District*, 195 F.Supp.2d 457, 470 (S.D.N.Y. 2002); *Seils v. Rochester City Sch. Dist.*, 192
F.Supp.2d 100, 122 (W.D.N.Y. 2002), *aff'd*, 99 Fed.Appx. 350 (2d Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S.Ct.
1640 (2005).  The Court will grant plaintiff leave to file an amended complaint to correct this within 14 days of entry
of this Decision and Order.

By motion filed July 15, 2005, Nichiporuk moves for what he styles "partial summary judgment," although it is not entirely clear to which of the several claims the motion relates. Nichiporuk seeks an order and judgment that he be fully compensated as Assistant Superintendent up to June 30, 2005, as well as an order from this Court vacating the District's March 2005 decision to rescind the executory contract that he serve as Superintendent, which was to have become effective in July 2005. The motion for partial summary judgment is denied.

This imbroglio between Nichiporuk and the District occurred when it was publicly disclosed that Nichiporuk had misrepresented his educational background and falsified a voucher which was issued for continuing education at the University of Rochester. In addition to Nichiporuk's termination as an employee, he was indicted for criminal offenses. Nichiporuk eventually pleaded guilty to grand larceny and offering-a-false-instrument-for-filing in Wayne County Court and was sentenced principally to 45 days imprisonment and 5 years probation.

Nichiporuk, a tenured employee with the District, claims that his due process rights were violated. He claims that the District summarily dismissed him without following the procedures mandated by Educational Law § 3020-a. He also claims that his executory contract with the District was unilaterally terminated, contrary to the provisions of the contract itself.

The standard for determining motions for summary judgment is clear. Summary judgment is only appropriate if, as a matter of law, the moving party is entitled to relief. In evaluating such a motion, the Court must determine whether there are material issues of fact. If so, it is not the Court's province to decide those issues, but to deny the motion so they may be resolved by the jury. See Gallo v. Prudential Residential Services, Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994)

(court's "task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them"); *Davis v. Verizon Wireless*, 389 F.Supp.2d 458, 467 (W.D.N.Y. 2005) ("When deciding a motion for summary judgment brought pursuant to Fed. R. Civ. P. 56, a court's responsibility is to determine whether there are issues to be tried") (citing *Duse v. International Bus. Machs. Corp.*, 252 F.3d 151, 158 (2d Cir. 2001)).

There are far too many factual disputes here to enter summary judgment for plaintiff, particularly since there has been no discovery in this case. First of all, the District contends that when plaintiff's deception and fraud surfaced, plaintiff, through his then-attorney, resigned from his employment with the District. Nichiporuk now claims that he did not resign, although no affidavit was submitted on this motion by the attorney who represented him at the time in question. . So, the first factual issue is whether plaintiff did resign from the School District or not. If he did, then issues about his due process rights would be moot.

Next, there are factual issues as to whether the Assistant Superintendent position was validly abolished following plaintiff's purported resignation. The Board contends that it was. Contrary to plaintiff's allegation that this action was a subterfuge designed to circumvent plaintiff's tenure rights, the Board maintains that, upon learning of plaintiff's resignation, it abolished his former Assistant Superintendent position for legitimate economic reasons. *See* Villani Aff. (Dkt. # 22-16) ¶¶ 4-10.

There are also issues as to whether Nichiporuk's fraudulent conduct justified the Board's unilateral decision to rescind his executory contract to serve as Superintendent. Likewise, there are factual issues concerning whether plaintiff's duties as Assistant Superintendent rendered him a

"public officer" under New York law, whose position automatically became vacant upon a felony conviction. *See* Pub. Off. L. § 30(1)(e).

The Board also suggests that there are significant issues as to whether Nichiporuk took full advantage of the proceedings and process before the Board when it rescinded his contract. He failed to exercise his right to request a hearing before the Board, he failed to appeal the Board's decision to the Commissioner of Education as he could have, and he failed to commence an Article 78 proceeding challenging the Board's actions. In addition, it may well be that plaintiff's state law claims are barred because he failed to participate in an examination under Gen. Mun. Law § 50-h as requested by the Board. Although to some extent these may present issues of law, in light of the factual issues detailed above, they also remain to be decided in this case.

## CONCLUSION

Plaintiff's motion for partial summary judgment (Dkt. #12) is in all respects denied. Plaintiff is granted leave to file an amended complaint to name the proper party defendant within fourteen (14) days of the date of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 23, 2006.